**STATE OF LOUISIANA**          \*          **NO. 2022-K-0266**

**VERSUS**          \*

                              **COURT OF APPEAL**

**DELBERT DAVIS**          \*

                              **FOURTH CIRCUIT**

                    \*

                              **STATE OF LOUISIANA**

\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 547-875, SECTION "J"
Honorable Darryl A. Derbigny, Judge
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)


Jason Rogers Williams
District Attorney
G. Benjamin Cohen
Chief of Appeals
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR/STATE OF LOUISIANA


Annick Jordan
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR RESPONDENT/DEFENDANT



        **WRIT GRANTED; REVERSED**

        **MAY 18, 2022**

This writ presents the issue of whether the district court erred in denying the State's notice of intent to introduce evidence of prior sexually assaultive behavior pursuant to La. C.E. art. 412.2. For the following reasons, we grant the State's writ and reverse the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

The defendant, Delbert Davis ("Defendant"), was charged by bill of information with one count of aggravated crime against nature, a violation of La. R.S. 14:89.1. Defendant is accused of sexually assaulting a fifteen-year-old girl ("Victim"), who was staying at his residence, in August of 2019. Victim alleged that Defendant pulled her shorts down while she was sleeping and assaulted her when her mother was at work. The State subsequently filed a notice of intent to introduce evidence of prior sexually assaultive behavior pursuant to La. C.E. art. 412.2. According to the 2017 case summary attached to the notice of intent, Victim's older sister ("Sister") reported that she had been "sexually assaulted multiple times by [Defendant] between the ages of fourteen and sixteen years old…while her mother was at work." The first assault occurred when Defendant

"play-wrestled" with Sister and removed her pants, then held her down and raped her.

The district court ruled that the evidence of prior sexually assaultive behavior was inadmissible. The court held that "the allegations set forth in the . . . 2017 incident report" are "clearly not evidence of the 'commission of another crime' as contemplated by LA. C.E. Art. 412.2" since the allegations "did not lead to any arrest or charges against the defendant," and found that admission of the evidence "would result in the sort of undue prejudice that La. C.E. Art. 403 is designed to prevent" and "would lead to a confusion of the issues, risks misleading the jury as well as causing undue delay and preventing the efficient administration of justice." The State now seeks supervisory review of the district court's ruling excluding the La. C.E. art. 412.2 evidence.

## DISCUSSION

It is not necessary, for purposes of article 412.2 testimony, for the defendant to have been charged, prosecuted, or convicted of the "other acts" described. *State v. McClendon*, 17-0160, p. 17 (La. App. 4 Cir. 9/27/17), 228 So.3d 252, 263 (citing *State v. Dale*, 50,195, p. 11 (La. App. 2 Cir. 11/18/15), 180 So.3d 528, 536); *see also State v. Cox*, 15–0124, p. 12 (La. App. 4 Cir. 7/15/15), 174 So.3d 131, 138. The State need only prove the prior acts by a preponderance of the evidence, not beyond a reasonable doubt as required to obtain a conviction. *Cox*, 15-0124, p. 13, 174 So.3d at 138 (citing *State v. Scoggins,* 10-0869, p. 11-12 (La. App. 4 Cir. 6/17/11), 70 So.3d 145, 152-53).

In order for any evidence deemed to fall within La. C.E. art. 412.2 to be admissible, it must pass the balancing test of La. C.E. art. 403, which provides: "[a]lthough relevant, evidence may be excluded if its probative value is

2

substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." "Unfair prejudice," as used in La. C.E. art. 403, means that "the offered evidence has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " *State v. Klein*, 18-0022, p. 19 (La. App. 4 Cir. 8/22/18), 252 So.3d 973, 985 (quoting Author's Note (3), La. C.E. art. 403, *Handbook on Louisiana Evidence Law*, Pugh, Force, Rault & Triche, p. 380 (2011)). *See also State v. Rose*, 06-0402, p. 13 (La. 2/22/07), 949 So.2d 1236, 1244 ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.") (citing *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997)).

The other crimes evidence the State seeks to admit is relevant to show Defendant's lustful disposition toward teenage girls with whom he shared a household. Both victims were teenagers around the same age and were living or staying with Defendant at the time of the assaults, and the assaults of both victims were similar. Further, the assaults occurred when the victims' mother was not at home.

The record before us furnishes no basis to support the district court's conclusion that the evidence of Defendant's prior sexual misconduct is unfairly prejudicial or that the admission of the evidence would confuse the issues or mislead the jury or amount to an undue delay. The incidents involving Victim and Sister were separate incidents involving separate children and occurred at different times. We find that the probative value of the prior crimes evidence is not

substantially outweighed by the dangers of unfair prejudice. Thus, we find the district court abused its discretion in excluding the art. 412.2 evidence.

## CONCLUSION

For the reasons stated herein, we grant the writ and reverse the district court's ruling excluding the art. 412.2 evidence.

**WRIT GRANTED; REVERSED**